UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

OSAM E. EBRAHEM,

              Plaintiff,

- against -

COACH LEASING INC. and DEREK
LESTER MORTON,

              Defendants.

------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

12 Civ. 8253 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

      Plaintiff sued defendants claiming they were liable for injuries he sustained when his motor vehicle was hit by a bus owned and operated by Coach Leasing Inc. and driven by Derek Lester Morton on January 11, 2012. Plaintiff claimed that as a result of the accident, a pre-existing back injury was exacerbated and he was forced to undergo knee surgery to repair a torn meniscus.

      After a five-day trial, the jury found that defendants were liable and that their negligence was a substantial factor in causing or exacerbating plaintiff's injuries.[1] The jury also found that plaintiff sustained a significant limitation as a

---

[1]     *See* Verdict Sheet ¶¶ 4-5.

result of the accident.[2] The jury was properly charged that a "significant limitation" fell under the umbrella of "serious injury" under New York's No-Fault Law.[3] Thus, the jury found that plaintiff sustained a "serious injury." The jury awarded plaintiff $6,700 for past medical expenses and $5,000 for future medical expenses.[4] The jury awarded plaintiff no damages for past or future pain and suffering.[5]

Arguing that the jury's verdict is both inconsistent and inadequate, plaintiff now moves to set aside the verdict. For the following reasons, plaintiff's motion is granted.

## II. LEGAL STANDARDS

### A. Judgment as a Matter of Law

A motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) may be granted only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [non-movant] on that issue."[6]

---

[2] *See id.* ¶ 2.

[3] *See* Jury Charge at 22-23.

[4] *See* Verdict Sheet ¶ 9(c)-(d).

[5] *See id.* ¶ 9(a)-(b).

[6] *Cameron v. City of New York*, 598 F.3d 50, 59 (2d Cir. 2010) (alteration in original) (quoting Fed. R. Civ. P. 50(a)(1)).

"[A] district court can grant the motion only if after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, it finds that there is insufficient evidence to support the verdict."[7] Thus, judgment as a matter of law is appropriate where "there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]."[8]

**B.  New Trial**

Under Federal Rule of Civil Procedure 59(a), "court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."[9] A motion for a new trial may be made in lieu of or as an alternative to a motion for judgment as a matter of law, and the test is less stringent than for granting

---

[7] *Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 119 (2d Cir. 2004) (citing *Tolbert v. Queens Coll.*, 242 F.3d 58, 70 (2d Cir. 2001)).

[8] *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (quotations marks and citations omitted, alterations in original).

[9] Such motion must be made within twenty-eight days from the entry of judgment. *See* Fed. R. Civ. P. 59(b).

judgment as a matter of law.[10] In addition, when a court grants judgment as a matter of law following a jury verdict, the losing party may move for a new trial pursuant to Rule 59 within twenty-eight days of entry of judgment as a matter of law.[11] "A motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice."[12]

## III. DISCUSSION

This Court has the discretion to set aside a verdict for being patently inconsistent or inadequate.

> Where a party alleges that the answers to special interrogatories are inconsistent, the "district court has a duty to reconcile the jury's answers on a special verdict form with any reasonable theory consistent with the evidence, and to attempt to harmonize the answers if possible under a fair reading of those answers." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1311 (2d Cir. 1993) (citation omitted); *accord Turley v. Police Dep't of the City of N.Y.*, 167 F.3d 757, 760 (2d Cir. 1999) ("Before a court

---

[10] *See Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir. 2000) ("Unlike a motion for judgment as a matter of law, a motion for a new trial may be granted even if there is substantial evidence to support the jury's verdict.") (quotation marks and citation omitted).

[11] *See* Fed. R. Civ. P. 50(d).

[12] *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 146 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1724 (2013) (quotations and alterations omitted).

4

> may set aside a special verdict as inconsistent and remand the case for a new trial, it must make every attempt 'to reconcile the jury's findings, by exegesis if necessary.'" (quoting *Gallick v. Balt. & Ohio R.R.*, 372 U.S. 108, 119 (1963))). As was noted in *McGuire*, "if there is any way to view a case that makes the jury's answers to the special verdict form consistent with one another, the court must resolve the answers that way even if the interpretation is strained." *Id.* (citing *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962)). However, if "the jury's answers cannot be harmonized rationally, the judgment must be vacated and a new trial ordered." *Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 530–31 (2d Cir. 1992) (citation and internal quotation marks omitted); *accord Stephenson v. Doe*, 332 F.3d 68, 79 (2d Cir. 2003) ("If we are unable to harmonize the jury's findings, we must vacate the judgment and order a new trial.") (citation and internal quotation marks omitted).[13]

Here, the jury's failure to award *any* damages for pain and suffering is inconsistent with the jury's finding that defendants' negligence caused plaintiff to suffer a serious injury. Furthermore, the jury's failure to award any damages for pain and suffering is inconsistent with its award for past and future medical expenses. Finally, the jury's award deviates materially from what would be reasonable compensation for a serious injury. For these reasons, the jury's verdict must be set aside as it is patently inconsistent.

---

[13] *Springer v. Cedro*, 894 F. Supp. 2d 474, 485 (S.D.N.Y. 2012) (parallel citations omitted).

Defendants' arguments to the contrary, although valiant, are not persuasive. In attempting to harmonize the jury's verdict, defendants state that

> [a] specific review of plaintiff's submitted medical bills reveals that the $6,700 in past medical expenses matches nearly exactly the amount of money paid for plaintiff's initial emergency room visit and physical therapy until May 12, 2012, five months of conservative treatment. Plaintiff's own evidence shows that the emergency room visit (that resulted in quick discharge and the advice to take *over-the-counter pain medication*) totaled $1,956.00. Additionally, payments made for physical therapy treatments through May 12, 2012 totaled $4,746.68, for a combined total of $6,702.68.[14]

Rather than harmonize the jury's verdict, the passage above confirms that plaintiff must have suffered some past pain and suffering, however nominal it may have been.

Furthermore, defendants' reliance on *Book v. R.P. Dettenrieder*[15] as "binding second circuit precedent" is misplaced for several reasons.[16]

*First*, the court's statement that "New York law does not require a jury to make an

---

[14] Memorandum of Law in Opposition to Plaintiff's Motion for a New Trial at 2 ("Opp. Mem.") (emphasis added, footnote omitted).

[15] 14 Fed. App'x 40 (2d Cir. 2001).

[16] Opp. Mem. at 18.

award for pain and suffering whenever it awards medical expenses," is dicta.[17] *Second*, the decision was not published and therefore should not have been cited as it was issued before January 1, 2007.[18] *Third*, in the case on which *Book* relied – *Ordway v. Columbia County Agricultural Soc'y* – the appellate court agreed with the lower court "that the jury's failure to award any damages for plaintiff's past pain and suffering arising from her severe ankle injury materially deviated from what would be reasonable compensation."[19] Furthermore, defendants' string citation of cases involving future pain and suffering[20] are inapposite because here the jury also failed to award any damages for past pain and suffering. On this ground alone, the jury's verdict is internally inconsistent and must be set aside.

Hence, the jury's verdict would cause a miscarriage of justice were it allowed to stand. To avoid such injustice, the only remedy is to grant a new trial.[21]

---

[17]   14 Fed. App'x at 42 ("In any event, *if we had jurisdiction to hear Book's appeal*, we would conclude that it is without merit.") (emphasis added).

[18]   *See* Fed. R. App. P. 32.1.

[19]   273 A.D.2d 635, 636 (3d Dep't 2000).

[20]   *See* Opp. Mem at 9-10.

[21]   Additur is not an option as it is barred by the Seventh Amendment in federal court. *See Dimick v. Schiedt*, 293 U.S. 474, 486-87 (1935) (recognizing that remittitur withstands Seventh Amendment attack but rejecting additur as unconstitutional). *See also Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 433 n.16 (1996) (stating that "'a federal trial court may deny a motion for a new trial where the plaintiff consents to decrease the judgment to a proper amount,'"

Under Rule 50(b), a new trial may only be granted if the moving party would be entitled to judgment as a matter of law. *See Goldsmith v. Diamond Shamrock Corp.*, 767 F.2d 411, 414 (8th Cir. 1985) ("[Rule 50(b) ] by its very terms gives a court discretion to order a new trial absent a motion therefor only where the moving party otherwise would have been entitled to judgment notwithstanding the verdict."); *Jackson v. Town of Hempstead*, No. 98–CV–5635, 2002 WL 199834, at *2 (E.D.N.Y. Feb. 4, 2002) ("The Court may only grant a new trial under Rule 50(b) if the movant satisfies the stricter standard for judgment as a matter of law. . . ."); *Newtown v. Shell Oil Co.*, No. 3:97 CV 0167, 2000 WL 49357, at *2 (D. Conn. Jan. 18, 2000) (noting that new trial under Rule 50(b) is "restricted to those cases in which the standard for granting . . . judgment as a matter of law has been met"); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2538 (2d ed. 1995) (same).[22]

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to set aside the verdict is granted. The Clerk of the Court is directed to close this motion (Docket Entry #

---

but may not condition denial of the motion on 'the defendant's consent to a comparable increase in the recovery'") (quoting *Dimick*, 293 U.S. at 495); *Peebles v. Circuit City Stores, Inc.*, No. 01 Civ. 10195, 2003 WL 21976402, at *12-13 (S.D.N.Y. Aug. 19, 2003) (stating that the remedy of additur alternative remedy "lies beyond the Court's power"); *Fox v. City University of New York*, No. 94 Civ. 4398, 1999 WL 33875, at *11(S.D.N.Y. Jan. 26, 1999) ("[E]ven in a diversity case presenting only state law claims, a federal trial judge cannot make an order of additur, even though his state court colleague could.").

[22] *Adams v. Yale-New Haven Hosp.*, No. 3:06CV1166, 2011 WL 219831, at *7 (D. Conn. Jan. 20, 2011) (stating that "[a]lthough Rule 59 is the traditional procedural vehicle used to grant a new trial, the Court also has discretion to grant a new trial, sua sponte, under Rule 50(b)").

93). The re-trial on both liability and damages will begin on November 4, 2013, before the Honorable Edgardo Ramos.

SO ORDERED:

/s/ Shira A. Scheindlin
Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         October 17, 2013

## - Appearances -

**For Plaintiff:**

Glenn P. Dolan, Esq.
Morgan Levine Dolan, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 785-5115

**For Defendants:**

Matthew J. Vitucci, Esq.
Gallo, Vitucci, Pinter & Cogan
90 Broad Street, 3rd Floor
New York, NY 10004
(212) 683-7100